IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abraan Rene Ortiz,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-11-626-TUC-FRZ-DTF<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Abraan Rene Ortiz has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before this Court are the Petition (Doc. 1), Respondents' Answer (Doc. 10) and Petitioner's Reply and Notice of Errata (Docs. 11, 12). The Magistrate Judge recommends that the District Court, after its independent review of the record, dismiss the petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted of possessing drug paraphernalia and possessing narcotic drugs for sale. He was sentenced to concurrent, enhanced presumptive terms of 3.75 and 15.75 years, as a repeat offender with two or more prior felonies. The Arizona Court of Appeals affirmed his convictions and sentences on appeal. (Doc. 10, Ex. A at 2.) The Arizona Supreme Court denied review. (*Id.*, Ex. B.)

Counsel for Petitioner filed a Petition for Post-conviction Relief (PCR). (Doc. 10, Ex. D.) Petitioner also was granted leave to file a pro se PCR petition, which he did. (Doc. 10, Ex. E.) The PCR court vacated the Criminal Restitution Order (although it affirmed the fine)

1 and denied the remainder of the claims. (Doc. 10, Ex. F.) Petitioner and counsel filed petitions for review. (Doc. 10, Exs. G, H.) The Arizona Court of Appeals granted review but denied relief. (Doc. 10, Ex. I.)

Petitioner then filed a "Motion for Praecipe and to Reinstate Rule (32) Proceedings," which the Court treated as a PCR petition and denied. (Doc. 10, Exs. L, M.) Petitioner then filed an amended PCR petition, which the court denied. (Doc. 10, Exs. N, O.) Petitioner filed a Petition for Special Action to the Arizona Court of Appeals, which the court treated as a petition for review and, after granting review, denied. (Doc. 10, Exs. P, Q.)

## DISCUSSION

Respondents concede that the petition is timely, however, they contend that some part of, or the entirety of, each claim was not properly exhausted. Below, the Court evaluates each of Petitioner's eight claims, many of which are multi-part, for exhaustion. The Court then evaluates the properly exhausted claims on the merits.

## PRINCIPLES OF EXHAUSTION AND PROCEDURAL DEFAULT

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Exhaustion requires that a petitioner clearly alert the state court that he is alleging a specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to due process not sufficient to present substance of federal claim); *Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked specificity and explicitness required); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999)

("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition or not presented in a timely manner. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray*, 518 U.S. at 161-62.

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

**PROCEDURAL DEFAULT ANALYSIS**

**Claim 1**

Petitioner alleges his counsel was ineffective at every critical stage, including (a) trial counsel erroneously led him to believe the suppression motion would be successful and he should not accept the plea offer; and (b) trial and appellate counsel failed to challenge the search on the proper grounds.[1]

Petitioner raised Claim 1(a) in his pro se supplemental PCR petition. (Doc. 10, Ex. E.) The PCR court denied the claim on the merits. (Doc. 10, Ex. F at 10-12.) Petitioner filed a petition for review, stating summarily that he was raising the same claims as those raised in his PCR petition. (Doc. 10, Ex. G.) The court of appeals denied his petition for review because it violated Arizona Rule of Criminal Procedure 32.9, which provides that a petition for review is designed to review actions of the trial court not to give a first consideration to the same issues raised before the trial court. (Doc. 10, Ex. I at 4.) Because this claim was found defaulted in state court on state court grounds it is procedurally defaulted and precluded from federal review.[2]

Claim 1(b), as to trial counsel, was raised in the first PCR petition filed by counsel. (Doc. 10, Ex. D at 3-16.) The PCR court denied the claim on the merits. (Doc. 10, Ex. F at 2-4.) It was raised in a petition for review and denied on the merits by the Arizona Court of Appeals. (Doc. 10, Ex. H at 4-14, Ex. I at 4-7.) Because this claim was fairly presented and

---

[1] Respondents also identify within Claim 1 an allegation that trial counsel's drug abuse prevented him from performing effectively. Claim 1 mentions that counsel's drug use prevented him from preserving matters for review or functioning rationally. However, the only prejudice Petitioner alleges relate to the plea offer and the suppression motion, which are covered by subparts (a) and (b) of Claim 1. The critical issue is what counsel did or failed to do and how that impacted Petitioner, regardless of whether his decisions were driven by his level of legal skill, experience or drug use. Therefore, the Court does not treat counsel's alleged drug use as a separate claim.

[2] Petitioner raised this claim again in his second PCR petition (Motion for Praecipe); however, the state courts did not consider it on the merits nor eradicate the default. (Doc. 10, Ex. M at 3 n.3; Ex. Q at 3.)

- 4 -

1  properly exhausted it will be addressed on the merits.

2  Claim 1(b), as to appellate counsel, was arguably raised in the PCR petition filed by
3  counsel. After arguing that appellate counsel could not bring a claim that trial counsel failed
4  to raise, Petitioner argued, "to the extent appellate counsel could have, but did not, litigate
5  the issue . . . she was ineffective." (Doc. 10, Ex. D at 15.) The PCR court did not address
6  Petitioner's contentions regarding appellate counsel, although it did generally find no
7  material issue of fact or law had been raised and dismissed the petition. (Doc. 10, Ex. F.)
8  Petitioner raised the claim in his petition for review. (Doc. 10, Ex. H at 14-16.) The appellate
9  court acknowledged the claim and inferred that the PCR court considered and denied the
10 claim and/or would have denied it. (Doc. 10, Ex. I at 7.) The appellate court did not issue a
11 ruling specific to this claim, however, it denied relief in entirety. (Doc. 10, Ex. I.) Thus, it
12 appears the claim was exhausted.

13 **Claim 2**

14 Claim 2 alleges that Petitioner's Fourth Amendment rights were violated by a search
15 and appellate counsel was ineffective for failing to properly challenge this on appeal. To the
16 extent Petitioner is raising a claim about appellate counsel's performance, the Court
17 addresses it on the merits as part of Claim 1(b). The remainder of the claim is addressed
18 below.

19 Unlawful search and seizure claims are generally not subject to review by this Court.
20 In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that "where the State
21 has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state
22 prisoner may not be granted federal habeas relief on the ground that evidence obtained in an
23 unconstitutional search and seizure was introduced at trial." Pursuant to *Stone*, a prerequisite
24 for consideration of Petitioner's Fourth Amendment claim is the denial of the chance to fully
25 and fairly litigate the claim in state court.

26 Although Petitioner argues that his counsel did not properly challenge the search, he
27 does not allege that the state court impeded him from developing the claim. The trial court
28 held a hearing on Petitioner's motion to suppress and provided a reasoned decision on the

record (Doc. 10, Ex. U at 6-57), and the Arizona Court of Appeals reviewed that decision (*id.*, Ex. A). Therefore, Petitioner cannot obtain habeas relief on his Fourth Amendment claim.

**Claim 3**

Claim 3 alleges a violation of Petitioner's Fifth Amendment rights; however, the factual basis of the claim is unclear. Respondents articulate the claim as alleging that Petitioner's Fifth Amendment rights were violated by the admission of his statement, that he was on probation, made at the time of arrest. Although the claim would likely fail due to its vagueness, it is expeditiously resolved on a procedural ground. Petitioner did not fairly present a Fifth Amendment claim on direct appeal or in any of the documents treated as petitions to the PCR court. (Doc. 10, Exs. D, E, L, N, V.)

If Petitioner were to return to state court now to litigate this claim, it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, this claim is technically exhausted but procedurally defaulted.

**Claim 4**

Claim 4 alleges a violation of due process, however, it appears to entail three unrelated grounds.

First, Petitioner alleges in subpart (a) that during his PCR proceeding the court erred in finding that he had not submitted any affidavits to support his claims. Alleged errors in the PCR process are not cognizable in a federal habeas corpus proceeding because they do not attack the lawfulness of Petitioner's detention. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) (finding allegations of error in state post-conviction review process non-cognizable); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). Further, Petitioner never fairly presented this claim in state court.

Second, Petitioner contends in subpart (b) that there was an objection during the suppression hearing to the officer's testimony on which no court has ruled. One officer

1 remained in the courtroom while the other one testified, which he argues violated Arizona
2 Rule of Criminal Procedure 9.3. Violations of state court rules do not state a cognizable
3 ground for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Further,
4 Plaintiff never fairly presented this as a federal due process claim in state court.

5 Third, Petitioner contends in subpart (c) that he did not knowingly waive his right to
6 a probation revocation hearing, to which he was entitled. Based on the record the Court has
7 reviewed, revocation of probation is not relevant to Petitioner's case. He did argue in his first
8 PCR petition that he did not knowingly, intelligently and voluntarily relinquish his right to
9 a jury trial on his probation status, which violated his right to due process under the
10 Fourteenth Amendment. (Doc. 10, Ex. D at 17-19.) However, he did not raise that claim as
11 a federal constitutional one in his petition for review. (Doc. 10, Ex. H at 16-19.) Thus, he
12 failed to fairly present this claim in state court.

13 If Petitioner were to return to state court now to litigate these claims, they would be
14 found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of
15 Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim.
16 P. 32.2(b); 32.1(d)-(h). Therefore, these claims are technically exhausted but procedurally
17 defaulted. Additionally, subparts (a) and (b) are not cognizable.

18 **Claim 5**

19 Petitioner alleges that the sentence imposed was primarily a punishment for
20 Petitioner's past rather than the current crime which amounted to cruel and unusual
21 punishment in violation of the Eighth Amendment. He also contends appellate counsel failed
22 to raise issues later identified by PCR counsel, specifically his right to a hearing on his
23 probation status and a violation of criminal rule 9.3.

24 Petitioner did not raise an Eighth Amendment claim on appeal nor in any PCR
25 petition. In his state court filings he made passing references to the Eighth Amendment but
26 he never connected it to a specific factual allegation nor did he allege that he was being
27 punished for prior crimes. Next, Petitioner did not allege in any PCR petition that appellate
28

1 counsel failed to raise claims regarding his right to a hearing on his probation status or the
2 trial court violated criminal rule 9.3.

3 If Petitioner were to return to state court now to litigate these claims, they would be
4 found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of
5 Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim.
6 P. 32.2(b); 32.1(d)-(h). Therefore, these claims are technically exhausted but procedurally
7 defaulted.

**Claim 6**

9 Claim 6 alleges that "counsel's presentation lacked verocity [sic] and failed to
10 interview witnesses to ensure a complete defense." He also alleges counsel failed to object
11 to amended instructions.[3] Petitioner provides no additional facts to explain this claim, nor
12 does he assert that he suffered prejudice from any of these alleged deficiencies. These
13 minimal conclusory allegations are insufficient for habeas relief. *See* Rule 2, Rules
14 Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring petition to state the facts in
15 support of each claim); *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (holding
16 that vague and conclusory allegations of ineffective assistance do not warrant habeas relief);
17 *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (finding insufficient conclusory allegations that
18 did not identify what counsel would have done if performing effectively). Thus, these claims
19 are subject to dismissal.

20 Further, Petitioner did not exhaust in state court a claim that counsel at any stage was
21 ineffective for failing to interview witnesses or object to instructions. If Petitioner were to
22 return to state court now to litigate these claims, they would be found waived and untimely
23 under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they
24 do not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h).
25 Therefore, these claims are technically exhausted but procedurally defaulted.

---

[3] Petitioner arguably makes the allegation in Claim 6 that he had a right to a jury determination of his probation status. That allegation is included in Claim 7 and the Court addresses it in that section.

- 8 -

**Claim 7**[4]

Claim 7 asserts that (a) the trial court erred by withholding the evidence regarding probation from the jury and then using that evidence as aggravation for the sentences. He also contends that (b) it was error for the sentencing court not to consider mitigation. Although Petitioner does not clearly identify the constitutional violation at issue, the Court evaluates the claim as one of due process. Petitioner additionally alleges that (c) counsel at all stages was ineffective for failing to raise these two issues. Finally, he states that (d) he is raising a claim of "jeopardy" and sufficiency of the evidence.

In his first PCR petition filed by counsel, Petitioner argued subclaim (a), that the trial court's failure to submit the issue of Petitioner's release status to a jury violated his right to due process. (Doc. 10, Ex. D at 17-19.) However, this claim was not raised in the petition for review. (Doc. 10, Ex. H.) Nor was this claim raised in any of the subsequent PCR petitions. Therefore, Petitioner failed to fairly present Claim 7(a) in state court.

Petitioner never presented a claim in state court that the sentencing court failed to consider mitigation. However, giving liberal interpretation to Claim 7(b) as alleged in his federal petition, the Court evaluates a similar claim that he did raise in a PCR proceeding. In the first PCR petition, counsel argued that the trial court abused its discretion when it determined that it could not impose a mitigated sentence. (Doc. 10, Ex. D at 16-17.) However, this claim was not presented as one based on federal law in the petition. Nor was it raised and federalized in a subsequent PCR petition. Therefore, Petitioner did not fairly present Claim 7(b) in state court.

Next, the Court evaluates Claim 7(c), which alleges that trial and appellate counsel were ineffective for failing to raise the issues alleged in subparts (a) and (b) of this claim, which the Court refers to as Claims 7(c)(i) and 7(c)(ii), respectively. In the first PCR petition,

---

[4] Petitioner labeled this claim as one of prosecutorial misconduct but does not make any factual allegations relevant to such a claim. Further, Petitioner did not exhaust any prosecutorial misconduct claims. The Court addresses the various legal claims tied to the factual allegations of Claim 7.

- 9 -

1 counsel argued that trial and appellate counsel were ineffective for failing to challenge
2 Petitioner's sentence on the state law ground that the trial court erroneously believed
3 mitigated sentences were not available (subpart (ii)). (Doc. 10, Ex. D at 16-20.) He did not
4 clearly argue that trial or appellate counsel was ineffective in failing to challenge the trial
5 court's failure to submit Petitioner's probation status to a jury (subpart (i)). (*Id.*) However,
6 the PCR court arguably addressed ineffective assistance of counsel (IAC) as to both
7 underlying claims regarding Petitioner's sentence. (Doc. 10, Ex. F at 7-9.) On appeal,
8 Petitioner argued only that counsel was ineffective for failing to argue that the trial court
9 could have imposed a mitigated sentence. (Doc. 10, Ex. H at 16, 19.) That claim was denied
10 on the merits. (Doc. 10, Ex. I at 10.) Therefore, Claim 7(c)(ii) – that counsel was ineffective
11 for failing to raise claim 7(b) – was exhausted and will be considered on the merits.
12 However, Petitioner's claim that counsel was ineffective for failing to raise claim 7(a), Claim
13 7(c)(i), was not fairly presented because he failed to include the claim in his petition for
14 review to the court of appeals.

15 If Petitioner were to return to state court now to litigate Claims 7(a), 7(b) and 7(c)(i),
16 they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona
17 Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz.
18 R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, Claims 7(a), (b) and (c)(i) are technically
19 exhausted but procedurally defaulted.

20 Further, even if Petitioner established a constitutional error as to Claim 7(c)(i), the
21 error would be harmless. *See Estrella v. Ollison*, 668 F.3d 593, 598-99 (9th Cir. 2011)
22 (*Apprendi* error is harmless if state presented sentencing judge with sufficient documents to
23 establish probation status beyond a reasonable doubt). Petitioner has never denied that he was
24 on probation when he committed the crimes, and the PCR court and appellate court found
25 that the prosecutor admitted exhibits establishing that Petitioner was in fact on probation
26 when he committed the offenses. (Doc. 10, Ex. F at 6, Ex. I at 9.)

27 Petitioner's assertion of violations based on double jeopardy and insufficiency of the
28 evidence (subclaim (d)) are mere conclusory allegations, detached from any facts, and are

insufficient to state a claim. *See* Rule 2, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring petition to state the facts in support of each claim); *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995).

**Claim 8**

Petitioner alleges that the appellate court and superior court breached the rules of judicial conduct when ruling on Petitioner's newly discovered evidence and failed to hold an evidentiary hearing. First, Petitioner does not clearly state a violation of a federal law or the United States constitution, as required for issuance of a writ of habeas corpus. 28 U.S.C. § 2254(a). Second, alleged errors in the appellate or PCR process are not cognizable in a federal habeas corpus proceeding because they do not attack the lawfulness of Petitioner's detention. *See Franzen*, 877 F.2d at 26; *Gerlaugh*, 129 F.3d at 1045.

Finally, Petitioner has not fairly presented such a claim in state court. If Petitioner were to return to state court now to litigate this claim, it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, Claim 8 is technically exhausted but procedurally defaulted.

**Cause and Prejudice and Fundamental Miscarriage of Justice**

Although Petitioner discusses the law regarding cause and prejudice and miscarriage of justice in his Reply, he does not provide any support for his argument that he can demonstrate either one. (Doc. 11 at 4-6, 55-56, 77-78.) Petitioner argues the substance of the claims in his Petition, rather than identifying an external cause for failing to properly raise the claims in state court as is required. *Coleman*, 501 U.S. at 753 ("cause" to excuse a default exists if a petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). Further, to demonstrate a fundamental miscarriage of justice based on factual innocence, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To establish the requisite probability, the petitioner must demonstrate with new reliable evidence that "it is more likely

1 than not that no reasonable juror would have found petitioner guilty beyond a reasonable
2 doubt." *Id.* at 324, 327. Petitioner has not presented any new evidence to support such an
3 allegation. Petitioner has failed to set forth any ground to overcome the procedural defaults
4 found above.

## LEGAL STANDARD FOR RELIEF UNDER THE AEDPA

6 The AEDPA established a "substantially higher threshold for habeas relief" with the
7 "acknowledged purpose of 'reducing delays in the execution of state and federal criminal
8 sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v.*
9 *Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for
10 evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of
11 the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v.*
12 *Murphy*, 521 U.S. 320, 333 n.7 (1997)).

13 Under the AEDPA, a petitioner is not entitled to habeas relief on any claim
14 "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists

- 12 -

1  of the holdings of the Supreme Court at the time the petitioner's state court conviction
2  became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006).

3  The Supreme Court has provided guidance in applying each prong of § 2254(d)(1).
4  The Court has explained that a state court decision is "contrary to" the Supreme Court's
5  clearly established precedents if the decision applies a rule that contradicts the governing law
6  set forth in those precedents, thereby reaching a conclusion opposite to that reached by the
7  Supreme Court on a matter of law, or if it confronts a set of facts that is materially
8  indistinguishable from a decision of the Supreme Court but reaches a different result.
9  *Williams*, 529 U.S. at 405-06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). In
10 characterizing the claims subject to analysis under the "contrary to" prong, the Court has
11 observed that "a run-of-the-mill state-court decision applying the correct legal rule to the
12 facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to'
13 clause." *Williams*, 529 U.S. at 406; *see Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir.
14 2004).

15 Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court
16 may grant relief where a state court "identifies the correct governing legal rule from [the
17 Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or
18 "unreasonably extends a legal principle from [Supreme Court] precedent to a new context
19 where it should not apply or unreasonably refuses to extend that principle to a new context
20 where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's
21 application of Supreme Court precedent "unreasonable," the petitioner must show that the
22 state court's decision was not merely incorrect or erroneous, but "objectively unreasonable."
23 *Id.* at 409; *Landrigan*, 550 U.S. at 473; *Visciotti*, 537 U.S. at 25.

24 Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state
25 court decision was based upon an unreasonable determination of the facts. *Miller-El v.*
26 *Dretke*, 545 U.S. 231, 240 (2005) (*Miller-El II*). A state court decision "based on a factual
27 determination will not be overturned on factual grounds unless objectively unreasonable in
28 light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322, 340

(2003) (*Miller-El I*); *see Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan*, 550 U.S. at 473-74; *Miller-El II*, 545 U.S. at 240.

**MERITS ANALYSIS**

**Standard for Ineffective Assistance of Counsel Claims**

The governing federal standard for claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), which recognizes a right to "effective assistance of counsel" arising under the Sixth Amendment. The *Strickland* standard for IAC has two components. A defendant must first demonstrate that counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." *Id.* at 687-88. Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless petitioner can show otherwise. *Id.* at 689-90. Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not address both prongs of an ineffectiveness claim, if it is easier to dispose of it solely by assessing prejudice, the court is free to do so. *Id.* at 697.

**Claim 1(b)**

Petitioner alleges that trial and appellate counsel failed to challenge the search on the proper grounds. The PCR court set forth the following background relevant to this claim:

> On November 30th, two TPD officers approached a parked vehicle with a temporary license plate. The officers had noticed that the lights to the vehicle were off and that there were two passengers inside. When one of the officers approached the vehicle, the occupants rolled down the window and the officer encountered a strong odor of unburnt marijuana. The second officer then approached and also detected the odor and the occupants were asked to exit the vehicle. When the occupants had exited the vehicle Officer Currier informed

- 14 -

> the Defendant of his intention to search the vehicle. The officers searched the car for marijuana including a lunch box that was in the back seat of the vehicle. Inside the lunch box the officers found what appeared to be cocaine, a measuring spoon, an air freshener, and a small scale.

(Doc. 10, Ex. F at 1-2.) The Court then addressed Petitioner's claim that counsel was ineffective for failing to challenge the search of the lunch box.

With respect to trial counsel, the PCR court found he had made the argument that Petitioner was alleging he failed to make. After the close of testimony at the suppression hearing, counsel argued that Officer Currier did not have permission to search the car and "certainly didn't have permission to search in the lunch box, which is another container, and he specified that the odor wasn't emanating from the container." (*Id.* at 3.) The court followed up with the prosecution, asking, "even though they are searching the vehicle, is there – do they not need to get a search warrant just to search the lunch container. I mean, that is going – it's not going anywhere." (*Id.*) The court further inquired, "but do you believe that the lunch box is part of the vehicle search." (*Id.*) Based on these facts, the court found that counsel had made the argument in question and that the trial court understood that counsel was asking for suppression specifically as to the lunch box search; therefore, it found Petitioner had not satisfied either prong of the *Strickland* standard. (*Id.* at 3-4.) The appellate court similarly found that the trial court considered the propriety of the search of the lunchbox. (Doc. 10, Ex. I at 6.) The court found, therefore, that Petitioner was not prejudiced by counsel's actions. (*Id.*)

This Court must defer to facts as found by the state court, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state courts' fact finding is dispositive of this claim. The state courts found that the trial judge ruled on the question Petitioner argued his counsel failed to raise. Petitioner has not argued that this finding was in error nor presented any evidence to rebut it. The Court reviewed the transcript from the suppression hearing, including the court's ruling, and concludes that the state courts' fact finding was not unreasonable in light of the record, *see* 28 U.S.C. § 2254(d)(2). Because the trial court addressed the claim, even if not clearly raised by counsel, Petitioner was not prejudiced. The

- 15 -

1 state courts' denial of this claim, as to trial counsel, was not an unreasonable application of *Strickland*.

With respect to appellate counsel, Petitioner alleges she should have argued that, even if there was probable cause to search the car, there was not probable cause to search the lunch box. Because this claim was denied by the state court on the merits but without any rationale (Doc. 10, Ex. I), the Court independently reviews the record but defers to the state court's ultimate decision to deny the claim, *see Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

In evaluating prejudice, the Court assesses whether there is a reasonable probability that the claim would have been successful if counsel had raised it on appeal. *See Moorman v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982). Thus, the scope of an automobile search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Id.* at 824. For example, if there is probable cause to believe undocumented aliens are being transported in a van, that will not justify a warrantless search of a suitcase. *Id.*

Petitioner argues that the search of the lunchbox lacked probable cause because an officer testified that the scent of marijuana was not emanating from the lunch box. Officer Currier testified that a strong odor of unburnt marijuana was coming from the interior of the car. (Doc. 10, Ex. U at 19.) On cross-examination, he responded with "No" to the question, "Now, the odor was not emanating from the lunch box; correct?" (*Id.* at 21.)

The lunchbox was in the passenger compartment of the car, which is where the odor was detected by two officers. Thus, there was probable cause to search that area of the car. Further, some quantity of marijuana could fit inside a lunchbox. Therefore, there was probable cause to search the box. Trial counsel did not establish if Officer Currier determined there was no scent of marijuana emanating from the lunchbox prior to opening it. His testimony could readily be interpreted as indicating that he did not find marijuana in the

- 16 -

1 lunchbox, thus, it was not producing the odor. Petitioner was not prejudiced because there 2 was not a reasonable probability that, if this claim had been raised on appeal, it would have 3 been successful. This conclusion is bolstered by the fact that the Arizona Court of Appeals 4 denied Petitioner's claim as to appellate counsel.

5 It was not an unreasonable application of Supreme Court law for the state court to 6 deny this claim.

**Claim 7(c)(ii)**

8 Petitioner alleges that trial and appellate counsel were ineffective for failing to 9 challenge the trial court's belief that it could not impose a mitigated sentence.

10 In his PCR petition, Petitioner argued that the trial judge erred in concluding that 11 Petitioner had admitted he was on release when he committed the crimes. (Doc. 10, Ex. A 12 at 16-17.) Petitioner argued that the statutory provision, that a court may not sentence below 13 the presumptive term for a defendant who is on release, did not apply to him.

14 The PCR court found that, although he never said the words, it was the intention of 15 Petitioner that he admit he was on probation at the time of the offenses. (Doc. 10, Ex. F at 16 4.) Further, based on the documents admitted by the trial court, reasonable evidence 17 supported the fact that Petitioner was on probation at the time he committed the offenses. (*Id.* 18 at 6.) Thus, Petitioner could not be sentenced below the presumptive term. (*Id.* at 6-7.) The 19 PCR court found that trial counsel was not ineffective nor was Petitioner prejudiced. (*Id.* at 20 9.) The court noted that Petitioner, counsel and the Court all understood that Petitioner 21 intended to admit his probation status and he knew that meant he could not receive a sentence 22 below the presumptive term. (*Id.*) Further, he was not prejudiced because he was sentenced 23 in the range he acknowledged was available to the court. (*Id.*) The appellate court noted that 24 Petitioner's probation status was mentioned more than once by the court at sentencing and 25 was acknowledged by defense counsel. (Doc. 10, Ex. I at 9-10.) The court of appeals found 26 that Petitioner was not prejudiced by the actions of trial or appellate counsel because he was 27 unequivocally on probation. (*Id.* at 10.)

28

Petitioner does not dispute the state court fact finding that he was on probation at the time he committed the offenses. That finding is presumed correct by this Court and there is no evidence to the contrary in the record. 28 U.S.C. § 2254(e)(1). Petitioner also does not dispute that under Arizona law, because he was on probation, he could not be sentenced below the presumptive term of 15.75 years to which he was sentenced. Because Petitioner was sentenced to the term to which he was subject under the facts and the law, he was not prejudiced by trial or appellate counsel's failure to challenge the ambiguous record.

The state court's denial of this claim was not an objectively unreasonable application of *Strickland*.

## **CONCLUSION & RECOMMENDATION**

Claims 1(a), 3, 4(c), 5, 7(a), 7(b), and 7(c)(i) are procedurally defaulted and should be dismissed on that basis. Claims 1(b) and 7(c)(ii) do not warrant relief under the AEDPA and should be dismissed on the merits. Habeas relief on Claim 2 is foreclosed by *Stone v. Powell*, 428 U.S. 465, 494 (1976). Claims 4(a) and 4(b) are not cognizable and are procedurally defaulted. Claim 6 is conclusory, fails to state a claim and is procedurally defaulted. Claim 7(d) is conclusory and subject to dismissal for failure to state a claim. Claim 8 fails to state a federal claim, is not cognizable and is procedurally defaulted. Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation.[5] If objections are not timely filed, they may be deemed waived. Any

---

[5] If Petitioner chooses to file objections, he and the Court would benefit from each claim being addressed separately under an independent heading.

objections filed should be captioned with the following case number: **CV-11-626-TUC-FRZ**.

DATED this 21st day of June, 2012.

*[signature]*

D. Thomas Ferraro
United States Magistrate Judge